## Sankey *v.* Burton.

*Mechanic's lien—Extra work—Question for jury—Appeals.*

The Supreme Court will not reverse a judgment on a verdict for plaintiff on a scire facias sur mechanic's lien for extra work, where the defendant's contention that the materials charged for were included in the contracts as construed in the trade, is met by sufficient evidence to justify the jury in finding as they did.

*Mechanic's lien—Contract—Postponement of lien to mortgage—Lien for extra work.*

A provision in a building contract that liens filed for material or labor enumerated in a schedule attached to the contract should be postponed to a mortgage particularly described, does not apply to extra work not covered by the schedule.

Argued Jan. 24, 1900. Appeal, No. 404, Jan. T., 1899, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1895, No. 8, M. L. D., on verdict for plaintiff in case of Samuel K. Sankey v. Henry H. Burton, Administrator et al. Before McCollum, Mitchell, Fell, Brown and Mestrezat, JJ. Affirmed.

Scire facias sur mechanic's lien.

From the record it appeared that the controversy arose under an agreement to furnish " all lumber, mill work, stair material and porches required for the erection and construction of sixty houses as set forth in schedule F, for the sum of eighteen

thousand nine hundred dollars." The contract contained this provision: "It is mutually agreed that should any lien be filed under this contract, that all such liens shall express upon their face that they are subject and postponed to the aforesaid mortgage debt or principal sum of one hundred thousand dollars."

Schedule F annexed to the contract called for "1 dresser, front doors and drawers, 1 pair oak stairs Y. P. treads & risers and 1 front porch for each house." Plaintiff claimed to recover for extra work as follows: (1) for spandrels and closet doors under the stairs; (2) for alterations of the porches; (3) for the segment heads required for the front windows; and (4) for the sides and ends of kitchen dressers. Defendant claimed that these items were covered by the contract, but the plaintiff produced evidence which tended to show that under the custom of the trade the items of which claim was made were not covered by the contract.

Defendant presented the following points:

The contract between the plaintiff, S. K. Sankey, and Edward P. Burton is in writing, and its terms, which were free from doubt, are to be construed by the court. This contract makes the specifications and plans therein described a part of the contract, and plaintiff cannot avoid its consequences by not examining the plans and specifications. By this contract the plaintiff agreed to furnish under the head of "mill work" one pair of oak stairs, Y. P., that is, yellow pine treads and risers. By the specifications referred to in the contract, it is provided that the stairs shall be "all of oak," with "spandrels and closet doors under stairs trimmed with white pine." I therefore instruct you that the plaintiff cannot recover in this case for the items for closet doors and spandrels, as they are embraced within the written contract with Edward P. Burton. You will therefore disregard the plaintiff's claim for payment for closet doors and spandrels claimed to be furnished in the construction of the stairs. *Answer:* Refused. [1]

As respects the claim of the plaintiff for the making and altering of nineteen porches under date of October 22, and forty-one porches under date of December 17, 1894, I instruct you that if you find that the porches furnished by the plaintiff could be furnished at a price equal to the costs of the porches agreed to be furnished by the plaintiff, by the terms of the

written contract, then you will disallow all claims for material charged with respect to the porches. *Answer:* Refused. [2]

The contract between the plaintiff, S. K. Sankey, and Edward P. Burton is in writing, and by its terms exhibits "A," "B," "B 1," "C," "C 1," "D" and "E," lodged with the Commonwealth Title Insurance and Trust Company, are made part of this contract, and it appearing that these exhibits consist of certain plans and specifications which have been produced and offered in evidence, I therefore instruct you that this contract and these plans and specifications constitute the contract between the plaintiff, S. K. Sankey, and Edward P. Burton, and whether the plaintiff read them or not is of no consequence; he is bound by them for the reason that he is presumed to have read them. By this contract plaintiff agreed to furnish one front porch to each of sixty houses. The plans show the character of the porch the plaintiff was to furnish. I instruct you that this was the porch, viz: as exhibited by the plans, and which the plaintiff contracted to furnish, and if you find that the porch which he actually furnished was of no greater value than the one he contracted to furnish, you will disallow all claims for the changing of these porches. *Answer:* Refused. [3]

By the terms of the contract the plaintiff agreed to furnish certain front windows to these several buildings. The plans show that these windows had a segment head. It is admitted that the plaintiff did not furnish window frames with segment heads, in accordance with these plans, but instead, under date of September 19, 1894, furnished segment lintels. It is admitted that these lintels are of less value in the market, and that it cost the plaintiff less to furnish them with segment lintels than to have furnished them with segment heads, according to the terms of the contract. I instruct you that the plaintiff is not entitled to recover for this item of $41.62. You will, therefore, disallow it. *Answer:* Refused. [4]

Verdict and judgment for plaintiff for $4,337.73. Defendant appealed.

*Errors assigned* among others were (1–4) above instructions, quoting them.

*W. Horace Hepburn,* for appellants.

*Alexander Simpson Jr.,* with him *Dimner Beeber,* for appellee.

PER CURIAM, July 11, 1900:

Under the written contract plaintiff was required to furnish "all lumber, mill work, stair material and porches required for the erection and construction of sixty houses, as set forth in schedule F, for the sum of $18,900." Plaintiff claimed to recover extra compensation (1) for spandrels and closet doors under the stairs; (2) for alterations of the porches; (3) for the segment heads required for the front windows; and (4) for the sides and ends of kitchen dressers. Defendants contended that these items were all included in the contract. Schedule F called for "1 dresser, front doors and drawers," "1 pair oak stairs Y. P. treads and risers and 1 front porch for each house." Evidence was offered as to the trade meaning of the terms used and it was sufficient to justify the jury in finding that the materials charged for were not included in the contract as construed in the trade. The other items of claim were for alterations in the specifications. It is conceded that they were made. The learned trial judge committed no error in submitting these questions to the jury. The amounts due were necessarily for them. The agreement as to liens was for liens "filed under this contract," and for labor or material mentioned in said schedule F. The provisions of this agreement do not apply here as the jury has found that the items covered by plaintiff's claim were not included in the contract.

Upon a careful examination of the evidence and rulings in the case we are not convinced that the court below erred in the admission or rejection of testimony, or in the rulings complained of.

Judgment affirmed.